**KANSAS PETROLEUM, INC., et al., Plaintiffs,**

v.

**COLORADO INTERSTATE GAS COMPANY, Defendant.**

Civ. A. No. 88-2148-O.

United States District Court, D. Kansas.

March 30, 1989.

Richard C. Byrd, James G. Flaherty, Anderson, Byrd & Richeson, Ottawa, Kan., for plaintiffs.

Charles A. Getto, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., Michael L. Williams, Colorado Interstate Gas Co., Colorado Springs, Colo., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNER, Chief Judge.

This matter is before the court on defendant's motion for partial summary judgment on three issues involving the construction of contracts between the parties. Briefly stated, the issues are as follows: (1) are plaintiffs entitled to recover alleged underpayments occurring before February, 1987, under contracts 131, 322, 718; (2) is defendant excused under the contracts from making certain take-or-pay deficiency payments and (3) is defendant required to pay for all allowables cancelled on plaintiffs' wells?

In a motion for summary judgment, the movant need not negate the allegations of the nonmoving party. However, it must demonstrate that there is no genuine issue of material fact and is therefore entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). This initial burden entails "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)).

When faced with a motion for summary judgment, the nonmoving party may not simply rely upon its pleadings but rather must set forth specific facts showing that

there is a genuine issue for trial. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Indeed, "the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The test is whether the facts, viewed in the light most favorable to the nonmoving party, are such that a court may conclude that a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

## I. Recovery of Alleged Underpayments

█ Defendant argues that, because no claim was made against it prior to the filing of the instant complaint on March 18, 1988, plaintiffs are barred from recovering any alleged underpayments occurring before February, 1987. In support of this position, defendant points to the following contractual provision:

> *4.5 ERRORS*—In the event an error is discovered in the amount shown to be due in any statement rendered by Buyer, such error shall be adjusted within 30 days of determination thereof, provided that claim therefor shall have been made within 12 months from the date of such statement.

Plaintiffs respond that this provision refers only to clerical or mathematical errors in the billing statements, and does not affect their rights to recover damages where, as here, the alleged errors grow out of differing interpretations of the contract prices to be paid.

The court agrees that the contract does not, on its face, specify what types of "errors" come within the above provision. Out of an abundance of caution, therefore, we hold that the contract is ambiguous on this point and will deny defendant's motion for partial summary judgment as to this issue. *Seacat v. Mesa Petroleum Co.*, 561 F.Supp. 98 (D.Kan.1983).

## II. "Take–or–Pay" Deficiency Payments

█ Defendant maintains that it is not liable under the "take-or-pay" provision of the contracts for the difference between what it actually purchased and the contract quantities. Defendant refers the court to a provision in the contracts which states that,

> If at any time the total quantity of gas produced from the dedicated acreage hereunder fails to meet the specifications as to quality as herein provided, Buyer may elect to discontinue taking gas from any or all such wells which produce gas having a quality inferior to that herein stipulated.

No dispute exists that certain of the gas produced by plaintiffs and purchased by defendant fell below the quality required by the contracts. (*See* Plaintiffs' Answers to Defendant's First Set of Interrogatories, Schedules 4, 8, and 9.) Rather, the dispute over the above provision involves different interpretations of the word "elect." Defendant argues that any choice by it to take nonconforming gas constitutes an "election" and thus absolves it from any duty under the "take-or-pay" section. In response, plaintiffs claim that an affirmative act of election is required and, because defendant made no such act, the "take-or-pay" provision still applies. Because the parties direct the court to no other provisions within the contracts that are helpful in our determining what constitutes an "election," the court finds this provision ambiguous also. Again, summary judgment is inappropriate. *Seacat v. Mesa Petroleum Co.*, 561 F.Supp. 98 (D.Kan.1983).

## III. Liability for Cancelled Allowables

█ Defendant seeks an order declaring that it is liable for the cancellation of allowables only if that cancellation is due to defendant's failure to take the "contract quantity" of gas. The provision upon which defendant relies states that

> *4.2 FAILURE OF BUYER TO TAKE CONTRACT QUANTITY*—So long as any well covered hereby is capable of delivering the contract quantity of gas required hereunder and such gas is available to Buyer and Buyer fails to take

same, then subject to the provisions of Article VIII of Exhibit A, if Buyer's failure so to take the contract quantity of gas from such well results in cancellation of allowables assigned to said well and such cancellation is due to the fault of Buyer, Buyer shall pay Seller at the price in effect at the time of cancellation for a quantity of gas equal to that portion of the contract quantity which Buyer is prohibited from taking by reason of said cancellation. Payment shall be made therefor on or before the 20th day of the month following such cancellation.

Contrary to plaintiffs' assertions, resolution of defendant's motion for partial summary judgment on this issue does not entail any determination of what the "contract quantity" is under any of the contracts at issue. Indeed, defendant explicitly admits that, "the determination of the appropriate contract quantity in this case is necessarily dependent upon disputed facts...." (Defendant's Brief in Support of Motion for Partial Summary Judgment, p. 19.) Thus, plaintiff's objections are misplaced.

The above section unambiguously states that defendant is liable only for those allowables cancelled as a result of defendant's failure to take the "contract quantity." Accordingly, defendant's motion on this issue will be granted, though the court does not pass upon the separate issue of what amount of gas is required to be taken under the contracts.

IT IS THEREFORE ORDERED that defendant's motion for partial summary judgment is granted in part and denied in part.